UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JIMMY MCKASKLE,<br><br>  Plaintiff,<br><br>v.<br><br>NRG ENERGY dba DIRECT ENERGY, LP,<br><br>  Defendant. | Case No. 3:22-cv-00328 |

## COMPLAINT

**NOW COMES** Plaintiff, JIMMY MCKASKLE, by and through his undersigned counsel, complaining of Defendant, NRG ENERGY dba DIRECT ENERGY, LP, as follows:

## NATURE OF ACTION

1. This action seeks redress for Defendant's violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*, the Texas Debt Collection Act ("TDCA"), Tex. Fin. Code Ann. §392 *et seq.*, invasion of privacy, trespass to chattels, and intentional infliction of emotional distress.

2. "The primary purpose of the TCPA was to protect individuals from the harassment, invasion of privacy, inconvenience, nuisance, and other harms associated with unsolicited, automated calls." *Parchman v. SLM Corp.*, 896 F.3d 728, 738-39 (6th Cir. 2018) citing Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2, 105 Stat. 2394 (1991).

3. As the Supreme Court recently observed, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

1

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

5. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

6. Jimmy McKaskle ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Irving, Texas.

7. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

8. Plaintiff is a "person" as defined by Tex. Fin. Code Ann. §392.001(1).

9. NRG ENERGY dba DIRECT ENERGY, LP ("Defendant") is a prominent utility provider of electricity in the state of Texas.

10. Defendant maintains its principal place of business at 12 Greenway Plaza, Suite 250, Houston, Texas 77046.

11. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

12. Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. §392.001(6) as it directly or indirectly engages in debt collection.

## FACTUAL ALLEGATIONS

13. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 1096.

14. At all times relevant, Plaintiff's number ending in 1096 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

15. At all times relevant, Plaintiff was financially responsible for his cellular telephone equipment and services.

16. In or around July 2021, Plaintiff obtained electricity service through Defendant.

17. In or around January 2022, Plaintiff switched electric companies.

18. Plaintiff received his final statement from Defendant in the amount of $238.87.

19. On January 7, 2022, Plaintiff paid the full balance to Defendant via check.

20. Defendant cashed this check on January 10, 2022.

21. In or around February 2022, Plaintiff started receiving phone calls from Defendant.

22. Confused as to why Defendant would be contacting him, Plaintiff answered one of Defendant's phone call.

23. Defendant advised Plaintiff that it was attempting to collect an alleged balance due in the amount of his last bill, $238.87 ("subject debt").

24. Astounded as to why Defendant was claiming this bill was unpaid, Plaintiff informed Defendant that he had already paid the alleged subject debt.

25. On February 7, 2022, Plaintiff received three separate collection calls from Defendant within a three-minute window.

26. During one of these phone calls, frustrated with the frequency of the calls, Plaintiff demanded that Defendant stop calling him.

27. On February 8, 2022, Plaintiff answered another of Defendant's collection calls and provided Defendant with proof of his payment in the form of a printout confirmation of his cashed check.

28. Unfortunately, Defendant still claims that no payment was made, and that Plaintiff still owed the alleged subject debt.

29. Plaintiff's request fell on deaf ears again and Defendant continued placing harassing collections calls to Plaintiff, including, but not limited to, calls from the phone number (833) 765-0427.

30. Frustrated with Defendant's collection attempts on a debt that he does not owe, Plaintiff retained counsel to assist with this matter.

## DAMAGES

31. Defendant's harassing phone calls have severely disrupted Plaintiff's everyday life and overall well-being.

32. Defendant's harassing calls have caused Plaintiff damages, including, aggravation that accompanies frequent unwanted phone calls, anxiety, emotional distress, increased risk of personal injury resulting from the distraction caused by the phone calls, embarrassment, wear and tear to Plaintiff's cellular phone, temporary loss of use of Plaintiff's cellular phone, invasion of privacy, loss of battery charge, loss of concentration, mental anguish, nuisance, the per-kilowatt electricity costs required to recharge Plaintiff's cellular telephone as a result of increased usage of Plaintiff's telephone services, and wasting Plaintiff's time.

33. Moreover, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiff's cellular phone such that Plaintiff was unable to receive other phone calls or otherwise utilize his cellular phone while his phone was ringing.

## CLAIMS FOR RELIEF

### COUNT I
**Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq.*)**

34. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

35. The TCPA defines ATDS as "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

36. Upon information and belief, the system used by Defendant to place calls to Plaintiff has the capacity to use a random or sequential number generator to determine the order in which to pick phone numbers from a preloaded list of numbers of consumers that are allegedly in default on their payments.

37. Accordingly, the system employed by Defendant has the capacity – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers.

38. As pled above, Defendant made phone calls to Plaintiff with such frequency as can be indicative of Defendant using an ATDS.

39. Defendant violated 47 U.S.C. § 227 (b)(1)(A)(iii) by placing non-emergency calls, including but not limited to the aforementioned collection calls, to Plaintiff's cellular telephone, utilizing an ATDS without Plaintiff's consent.

40. As pled above, Plaintiff revoked consent to be called on his cellular phone during an answered call on February 7, 2022.

41. As pled above, Plaintiff was severely harmed by Defendant's collection calls to his cellular phone.

42. Upon information and belief, Defendant has no system in place to document whether it has consent to contact consumers on their cellular phones.

43. Upon information and belief, Defendant has no policies and procedures in place to honor consumers' requests that collection calls cease.

44. Upon information and belief, Defendant knew its collection practices violated the TCPA, yet continued to employ them in order to maximize efficiency and revenue.

45. As a result of Defendant's violations of 47 U.S.C. §227(b)(1)(A)(iii), Plaintiff is entitled to receive $500.00 in damages for each violation.

46. As a result of Defendant's knowing and willful violations of 47 U.S.C. §227(b)(1)(A)(iii), Plaintiff is entitled to receive up to $1,500.00 in treble damages for each violation.

**WHEREFORE**, Plaintiff, JIMMY MCKASKLE, requests that this Honorable Court grant the following relief:

A. a finding that Defendant violated 47 U.S.C. § 227 *et seq.*;

B. an award of statutory damages of at least $500.00 for each and every violation;

C. an award of treble damages of up to $1,500.00 for each and every violation; and

D. an award of such other relief as this Court deems just and proper.

## COUNT II
### Invasion of Privacy by Intrusion Upon Seclusion

47. Plaintiff incorporates all previous paragraphs of this Complaint as though fully set forth herein.

48. In Texas, "[t]he elements of a cause of action for invasion of privacy by intrusion upon seclusion are (1) an intentional intrusion upon a person's solitude, seclusion, or private affairs or concerns, (2) that would be highly offensive to a reasonable person, and (3) as a result of which the person suffered an injury." *Baugh v. Fleming*, 2009 Tex. App. LEXIS 9847, 3.

49. Defendant's intrusive collection calls to Plaintiff after Plaintiff requested that the calls cease were an intentional intrusion upon the Plaintiff's seclusion or solitude.

50.     The intrusive unwanted phone calls would be considered offensive by a reasonable person as no reasonable person would tolerate harassing collection calls after they have requested that the calls cease.

51.     A reasonable person would find such calls to be highly offensive.

52.     As pled above, Plaintiff suffered as a result of Defendant's conduct.

**WHEREFORE**, Plaintiff, JIMMY MCKASKLE, requests that this Honorable Court grant the following relief:

A.  A finding that Defendant invaded Plaintiff's privacy by intrusion upon seclusion;

B.  Entry of judgment in Plaintiff's favor and against Defendant for invasion of privacy;

C.  An award of actual damages; and

D.  An award of punitive damages.

## COUNT III
### Trespass to Chattels

53.      Plaintiff incorporates all previous paragraphs of this Complaint as fully set forth herein.

54.     In the state of Texas, "[t]respass to chattel is the wrongful interference with the use or possession of another's property. . .Liability does not attach unless the wrongful detention is accompanied by actual damage to the property or deprives the owner of its use for a substantial period of time. [citation]." *Jones v. Boswell*, 250 S.W.3d 140, 143.

55.     Defendant intentionally interfered with the physical condition of Plaintiff's cellular phone by causing it to repeatedly ring after Plaintiff requested that the calls cease, thus temporarily impairing the phone's physical condition.

7

56. This intentional interference led to additional wear and tear on Plaintiff's cellular telephone, as well as loss of battery charge and the per-kilowatt electricity costs required to recharge Plaintiff's cellular telephone as a result of increased usage of Plaintiff's telephone services.

57. Moreover, as set forth above, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiff's cellular telephone such that Plaintiff was unable to receive other phone calls or otherwise utilize his cellular telephone while his phone was ringing, thus depriving him of the use of his cellular telephone.

58. As set forth above, Plaintiff was severely harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff, JIMMY MCKASKLE, requests that this Honorable Court grant the following relief:

A. A finding that Defendant trespassed on Plaintiff's chattel (cellular phone);

B. Entry of judgment in Plaintiff's favor and against Defendant for trespass to chattels;

C. An award of actual damages; and

D. An award of punitive damages.

## COUNT IV
### Intentional Infliction of Emotional Distress

59. Plaintiff incorporates all previous paragraphs of this Complaint as fully set forth herein.

60. In Texas, "[t]he elements of intentional infliction of emotional distress are: (1) the defendant acted intentionally or recklessly; (2) the conduct was extreme and outrageous, (3) the actions of the defendant caused the plaintiff to suffer emotional distress; and (4) the emotional distress was severe." *Tolbert v. Taylor*, 629 S.W.3d 318, 329.

61. Defendant's intentional conduct in (1) placing relentless collection calls to Plaintiff and (2) continuing its collection activities after Plaintiff provided proof that the alleged subject debt was already paid was extreme and outrageous.

62. Defendant's conduct caused Plaintiff emotional distress and anxiety, which was so severe as to cause Plaintiff to contact an attorney regarding his rights and options to resolve this matter.

63. As set forth above, Plaintiff was severely harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff, JIMMY MCKASKLE, requests that this Honorable Court grant the following relief:

A. A finding that Defendant's conduct was intentional and caused Plaintiff emotional distress;

B. Entry of judgment in Plaintiff's favor and against Defendant for intentional infliction of emotional distress;

C. An award of actual damages; and

D. An award of punitive damages.

## COUNT V
### Texas Debt Collection Act (Tex. Fin. Code Ann. § 392 *et seq.*)

64. Plaintiff incorporates all previous paragraphs of this Complaint as fully set forth herein.

**Violation(s) of Tex. Fin. Code Ann § 392.302**

65. Subsection 392.302 of the Texas Finance Code provides:

> [i]n debt collection, a debt collector may not oppress, harass, or abuse a person by:

9

    (4)    causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number.

Tex. Fin. Code Ann. § 392.302.

66. Subsection 392.304 of the Texas Finance Code provides:

    (a)    Except as otherwise provided by this section, in debt collection or obtaining information concerning a consumer, a debt collector may not use a fraudulent, deceptive, or misleading representation that employs the following practices:

    (8)    misrepresenting the character, extent, or amount of a consumer debt, or misrepresenting the consumer debt's status in a judicial or governmental proceeding.

Tex. Fin. Code §392.304.
.

67. As pled above, Plaintiff advised Defendant that he no longer wished to received collection calls from Defendant on his cellular phone.

68. Defendant violated Tex. Fin. Code Ann. § 392.302(4) by continuing to place phone calls to Plaintiff after Plaintiff requested that Defendant cease all contact with him.

69. Defendant's continuous phone calls were made with intent to annoy and harass Plaintiff.

70. Additionally, Defendant violated Tex. Fin. Code Ann. §392.304(a)(8) by attempting to collect an amount not owed by Plaintiff.

71. Specifically, Plaintiff already paid the alleged subject debt *and* provided Defendant with proof that the debt was paid in the form of a printout confirmation of a cashed check.

72. Therefore, Defendant misrepresented the amount of the alleged subject debt in its dealings with Plaintiff.

73. Plaintiff may enforce the provisions of Tex. Fin. Code Ann. §§ 392.302(4) and 392.304(a)(8) through Tex. Fin. Code Ann. § 392.403, which provides:

(a) A person may sue for:

(1) injunctive relief to prevent or restrain a violation of this chapter; and

(2) actual damages sustained as a result of a violation of this chapter.

(b) A person who successfully maintains an action under Subsection (a) is entitled to attorney's fees reasonable related to the amount of work performed and costs.

**WHEREFORE**, Plaintiff, JIMMY MCKASKLE, requests that this Honorable Court grant the following relief:

A. a finding that Defendant violated Tex. Fin. Code Ann. §§ 392.302(4) and 392.304(a)(8);

B. an award of injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

C. an award of actual damages in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

D. an award of reasonable attorney's fees and costs in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(b); and

E. an award of such other relief as is deemed just and proper.

Date: February 9, 2022                                        Respectfully submitted,

**JIMMY MCKASKLE**

By: */s/ Jennifer Ann McLaughlin, Esq.*

                                              Jennifer Ann McLaughlin, Esq.
                                              Mohammed O. Badwan, Esq.
                                              Victor T. Metroff, Esq.
                                              Marwan R. Daher, Esq.
                                              *Counsel for Plaintiff*
                                              Sulaiman Law Group, Ltd
                                              2500 S Highland Ave, Suite 200
                                              Lombard, IL 60148
                                              Telephone: (630) 575-8180
                                              mbadwan@sulaimanlaw.com
                                              vmetroff@sulaimanlaw.com
                                              jmclaughlin@sulaimanlaw.com
                                              mdaher@sulaimanlaw.com